## No. 29,170.

CAROLINE LOCH, as Executrix, etc., *Appellee,* v. THE PAOLA FARMERS UNION COÖPERATIVE CREAMERY AND STORE ASSOCIATION, *Appellant.*

(285 Pac. 523.)

Opinion filed March 8, 1930.

*Frank M. Sheridan* and *Bernard L. Sheridan,* both of Paola, for the appellant.

*Alpheus Lane* and *Karl V. Shauver,* both of Paola, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The question is whether a coöperative creamery and store association had power to adopt the following by-law:

"Any stockholder of the association dying or moving out of said locality, the directors shall repay to him or his legal representatives the face value of the capital stock owned by said stockholder with all accrued interest and patronage dividends within twelve months after the absence or death of said stockholder."

The petition alleged that in June, 1918, November, 1918, and February, 1920, William Loch, Sr., purchased shares of defendant's capital stock to the number of sixty, at the face value of $10 per share; that at the time the shares were acquired and at the time the action was commenced, the quoted by-law was in force; that the shareholder died in June, 1927, and plaintiff was his executrix; that more than a year had elapsed since the shareholder's death, and demand had been made on the corporation for the face value of the shares. The prayer was for $600 and accrued interest and dividends. Copies of the share certificates issued by the corporation were attached to the petition. The answer admitted defendant was a corporation duly organized and existing when the certificates were issued, and admitted existence of the by-law, and plaintiff's capacity to sue, but alleged the by-law was illegal and void. Judgment was rendered on the pleadings for plaintiff for $600 and interest from date of the judgment.

Defendant contends there was no law in existence when the certificates were issued which authorized the by-law. Defendant overlooks chapter 137 of the Laws of 1913, which provided for incorporation of coöperative associations for the purpose of conducting agricultural, dairy, and mercantile business on the coöperative plan, including payment of fixed dividends on stock and the prorating of the remainder of profits among stockholders on their purchases and sales from and to the association. The statute was an incorporation law complete in itself, and contained the following provision:

"No association organized under this act shall be required to do or perform anything not specifically required herein, in order to become a corporation, or to continue its business as such." (Laws 1913, ch. 137, § 10.)

The amount of stock which any one person was permitted to own was limited (§ 7). It was not necessary to report the names of stockholders and the amount of stock held by each, unless required by the secretary of state (§ 9). The corporation itself was authorized to formulate by-laws relating to membership and distribution of profits, and to make such other rules as would tend to make the corporation an effective business organization (§ 8). Corporations organized for profit were forbidden to use the word "coöperative" as a part of corporate or business names (§ 11).

In 1887 the legislature enacted a statute to encourage coöperative societies, consisting of three short sections reading as follows:

"Section 1. That twenty or more persons in this state may organize and incorporate a coöperative society or company in the manner and form provided by law in other cases, for the purpose and to the end of more successfully promoting and conducting any industrial pursuit.

"Sec. 2. Every such society or company when so organized shall enjoy all the rights, privileges and powers conferred by law on other chartered or incorporated companies in this state.

"Sec. 3. The shareholders in any such society or company shall each have but one vote in all matters pertaining to the business of such society or company, without regard to the number of shares owned." (Laws 1887, ch. 116.)

As indicated by section 2, societies created under this act were obliged to organize and operate under the restrictions of the general corporation law, except as noted in section 3. Experience demonstrated that if coöperative societies were to be really encouraged, a law was necessary which would offer the advantages of corporate form to exchanges, unions, and other associations, and at the same time allow great freedom of self-direction and self-control in coöperative effort for mutual benefit. The result was, the statute of 1913 was enacted. Section 10 permitted corporations which had organized or which had tried to organize under previous statutes to take advantage of the act by vote of a majority of the stockholders.

In 1915 the statute of 1887 was amended, the sections of that act were repealed, and corporations organized under the 1915 act were granted all the rights, privileges and powers conferred on other coöperative associations, which included coöperative associations organized under the law of 1913.

In 1913 rural telephone companies were authorized to take advantage of the law of 1887 (Laws 1913, ch. 138). In 1921 the coöperative marketing act was passed (Laws 1921, ch. 148; R. S. 1923, ch. 17, art. 16). In 1923 the laws relating to other coöperative societies were revised (R. S. 1923, ch. 17, art. 15).

The coöperative marketing act authorized by-laws providing for purchase of a member's shares on death or withdrawal of the member (R. S. 17-1609), and it might be argued that power of a coöperative society to enact such a by-law did not previously exist. The court is of the opinion, however, the provision merely adapted to the needs of coöperative marketing associations the existing practice of coöperative societies organized under the laws of 1913.

In the case of *Steele v. Telephone Association,* 95 Kan. 580, 148 Pac. 661, a telephone company organized under the general corporation law undertook to place restrictions on the sale of shares of

capital stock by a "constitution and by-laws" adopted pursuant to power to adopt by-laws granted by the general corporation law. It was held this could not be done, and the distinction between corporations organized under general law, and coöperative corporations organized under the Laws of 1913 and 1915, was pointed out in the opinion.

The business of a farmers' union coöperative creamery and store association, such as defendant, is essentially local, and the advantage of a by-law like that of defendant to the institution and conduct of its business is quite manifest. The court concludes the restrictions on purchase of its own stock by a corporation organized under the general corporation law do not apply, and the by-law under consideration was valid.

The judgment of the district court is affirmed.